1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7         FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   ANDRE TOLIVER,                          No. C 09-1041 WHA (PR)

11               Petitioner,                 **ORDER OF DISMISSAL**

12     v.
                                            (Docket No. 2)
13   ANTHONY HEDGPETH, Warden,

14               Respondent.
     _____/
15

16         Petitioner, a California prisoner, has filed a pro se petition for a writ of habeas corpus

17   pursuant to 28 U.S.C. 2254.  He has paid the filing fee.

18                                    **DISCUSSION**

19   **A.    Standard of Review**

20         This court may entertain a petition for writ of habeas corpus "in behalf of a person in e

21   judgment of a State court only on the ground that he is in custody in violation of the

22   Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a); *Rose v. Hodges*, 423

23   U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.

24   *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas

25   corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must

26   "specify all the grounds for relief which are available to the petitioner ... and shall set forth in

27   summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules

28   Governing 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not sufficient, for the

     petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4

**United States District Court**
For the Northern District of California

1   Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

2   "Habeas petitions which appear on their face to be legally insufficient are subject to summary

3   dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir.

4   1996) (Schroeder, J., concurring).

5   **B.     Legal Claims**

6          In 2003, petitioner was convicted in Alameda County Superior Court of robbery and the

7   use of a firearm, and the trial court sentenced him to state prison for a term of 45 years and four

8   months.  He does not challenge the conviction or sentence  in this petition,[1] but rather the

9   execution of a restitution order that was imposed in conjunction with his sentence.  Specifically,

10  he claims that restitution has been collected from his inmate trust account, and it has been held

11  in reserve because no victims have filed any restitution claims.  He seeks to have the restitution

12  money returned to him, plus interest.

13         Petitioner's claim is based on the asserted violation of state law governing restitution

14  (Pet. 8-8e, 9).  A writ of habeas corpus is available under Section 2254(a) "only on the basis of

15  some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d

16  1083, 1085 (9th Cir. 1985).  It is unavailable for violations of state law or for alleged error in

17  the interpretation or application of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

18  Petitioner does not assert any violation of federal law, nor is any apparent from his allegations.

19  Petitioner cites one federal decision, *United States v. Black*, 81 F.3d 498 (4th Cir. 1996).  *Black*

20  involves the application of the federal Victim and Witness Protection Act of 1982, 18 U.S.C.

21  3663-64, however, which governs restitution and other matters in federal criminal cases and

22  does not apply to state court judgments such as petitioner's. *Id.* at 505-07.  Moreover, petitioner

23  indicates that his claims, which are based on state law, have been rejected by the state courts, a

24  conclusion that is binding on a federal court in federal habeas review.  *See Bradshaw v. Richey*,

25  546 U.S. 74, 76 (2005) (state court's interpretation of state law binds federal court sitting in

26  habeas corpus).

27  ───────────────

28     [1]Nor could he.  He has already filed a federal habeas petition challenging his conviction, *Toliver v. Malfi*, Case No. 07–2744 (PR) WHA, which was recently denied.  Another federal petition challenging his state court conviction would be barred as a successive petition under 28 U.S.C. 2244(b).

1    As it is apparent from the face of the petition that his claims are not legally sufficient to

2  warrant habeas relief, the petition will be summarily dismissed.

3                                    **CONCLUSION**

4    For the reasons set out above, the petition is **DISMISSED**.

5    The clerk shall close the file.

6    **IT IS SO ORDERED.**

7  Dated:   October 2   , 2009.

8                                    WILLIAM ALSUP
                                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  G:\PRO-SE\WHA\HC.09\TOLIVER1041.DSM.wpd

**United States District Court**
For the Northern District of California

3